JOHN R. GWYNN *et al.*, Appellants, *v.* THOMPSON FRAZIER, Respondent.

*Deed—Evidence.*—To make a certified copy of a deed evidence it must appear that the deed was duly recorded in the county in which the land conveyed was situated. (R. C., p. 726, § 17.)

*Appeal from Jefferson Circuit Court.*

*T. C. Fletcher*, for appellants.

I. The jury alone had the right to pass upon the question of fact raised by the defendant. (See Flournoy v. Warden, 17 Mo. 435.)

II. Although the deed may not have been recorded in the county where the land was situated, the affidavit of the loss of the original being read, parol evidence was admissible of the contents; much more, was a copy of the only copy that could be produced. (See Jackson v. Rice, 3 Wend. 180; Lessee of Scott v. Leather, 3 Yeates, Penn. 184.) Being found where it might naturally and reasonably be expected to be, it was admissible as a circumstance going to show the existence of a deed, or from which the jury might presume a deed. (1 Greenl. 188.) It was acknowledged before Oliver, a justice of the peace, who was also recorder, and was recorded by him. More than thirty years having elapsed, the witnesses are presumed to be dead. (9 Peters, 663.) Whether à conveyance could be presumed from the circumstances is a question of fact for the jury. (Blake v. Davis, 20 Ohio, 231, and cases there cited.)

*T. C. Johnson*, for respondent.

BATES, Judge, delivered the opinion of the court.

This was an action of ejectment for a tract of land in Jefferson county.

The land was originally included within the county of Ste. Genevieve.

By an act of the Territorial Legislature, passed on the 8th day of December, 1818, and taking effect upon that day, the county of Jefferson was erected, and it was provided in the act that from and after the first day of January, 1819, the county of Jefferson should be vested with all the powers, &c., of a separate and distinct county, &c.

The county of Jefferson was formed of former portions of the counties of St. Louis and Ste. Genevieve, and was by the act described as bounded in part as follows: "Beginning at a point in the middle of the main channel of the Mississippi river opposite the mouth of a creek on the west bank of said river called Isle au Bois; thence to the mouth of said creek, and up the principal northern branch thereof to its source; thence in a direct line to the source of a creek known by the name of Hazel Run; thence," &c. (1 Ter. Laws, 554.)

In the progress of the trial of this case the plaintiffs offered in evidence a certified copy of a deed from James Cox to William Gwynn (of John) under whom the plaintiffs claimed title, which deed was dated November 25th, 1818, and was acknowledged and recorded in *Ste. Genevieve county* on the 25th day of January, 1819.

The defendant objected to the deed being given in evidence, because he alleged the same was recorded in Ste. Genevieve county, when the land at the time the deed was recorded lay in Jefferson county, and offered and gave to the court testimony to sustain his objection. Oscar Dover testified that he surveyed the boundary line between Jefferson and Ste. Genevieve counties under an act passed in 1849; that he did not know precisely where was the source of Isle au Bois creek, nor that of Hazel Run; that before he surveyed the line there were always disputes among the people

near the line as to which county they lived in ; that he never heard any dispute as to the land in controversy—it was considered in Jefferson county ; that the sources of Isle au Bois creek and Hazel Run are south of this land, and that a line run from one to the other would leave the land one and a half or two miles in Jefferson county.

Another witness testified that a line between the counties of Ste. Genevieve and Jefferson had been run about 1824, and by that line this land was about a mile and a half in Jefferson county. He also testified that there was a great deal of doubt about the line till Dover ran it in 1849, but that there was no doubt about the tract in controversy being in Jefferson county, and that it was always assessed and taxes paid on it in Jefferson county.

The giving of this testimony was objected to by the plaintiffs, but their objection was overruled and the testimony was admitted, and upon hearing it the court rejected the copy of the deed offered in evidence. The plaintiffs took a nonsuit.

The grounds of objection to the testimony given to the court are not stated, and we, therefore, give no opinion as to the propriety of its admission. The rejection of the copy of the deed offered we approve. The land is described in the petition as lying in Jefferson county, and, therefore, the burden of showing that it formed a part of Ste. Genevieve county at the time the deed was recorded was properly upon the plaintiffs. They did not undertake to show it by evidence, but, on the contrary, the defendant gave testimony tending (to say the least of it) very strongly to show that it formed then a part of Jefferson county.

Our statute concerning evidence provides that a deed duly acknowledged or proved and recorded according to any law in force at the time of taking such acknowledgment or proof, although not declared by such law to be evidence, shall be received in evidence if it appear to have been duly recorded *in the proper office* within one year from its date, and more than twenty years from the time it is offered in evidence. (1 R. C. 726, § 17.)

This section requires that the deed should have been recorded, according to the law in force at the time, in the proper office. Looking to the law then in force, we find that "all deeds, &c., shall be recorded in the county in which such lands, &c., are situate." (Ter. Laws, 543, § 2.)

This deed not having been recorded in the county of Jefferson, in which the land was situate, cannot be received in evidence.

Judgment affirmed.